# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                            )
       v.                )     I.D. No. 0210012072
                            )
ISAIAS R. ORTIZ,       )
                            )
     Defendant.      )

Submitted: August 18, 2020
Decided:  September 21, 2020

*Upon Defendant's Fourth Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

Isaias R. Ortiz, *pro se,* Smyrna, Delaware.

John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State.

**WHARTON, J.**

This 21st day of September, 2020, upon consideration of Defendant's Motion for Postconviction Relief, and the record in this matter, it appears to the Court that:

1. The Defendant, Isaias R. Ortiz ("Ortiz") was found guilty by a jury on October 3, 2003 of serious drug offenses and other offenses.[1] He was sentenced to 50 years of unsuspended incarceration, followed by decreasing levels of supervision.[2]

2. Since that time, he has filed three unsuccessful postconviction relief motions under Superior Court 61.[3] The current motion raises two claims of ineffective assistance of counsel related to his sentencing.[4]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[5] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[6]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations, successive motions, procedural default, or former adjudication. A motion exceeds time

---

[1] D.I. 13.
[2] D.I. 25.
[3] D.I. 30, denied on September 15, 2006 (D.I. 32); D.I. 42, denied on May 9, 2012 (D.I. 47); and D.I. 55, denied on January 16, 2015 (D.I. 68).
[4] D.I. 81.
[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] *Id.*

limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7] No second or subsequent motions are permitted.[8] Any ground for relief that was not previously asserted is barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[9] Grounds for relief that were formerly adjudicated, whether in the proceedings leading to conviction, on appeal, or otherwise, are barred.[10]

5.      The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[11] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[12]

6.      Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[13]

---

[7] Super. Ct. Crim. R. 61(i)(1).
[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).
[12] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[13] Super. Ct. Crim. R. 61(d)(5).

7. In applying the procedural bars of Rule 61(i), it appears that: 1) the motion is untimely since it was filed more than 15 years after the convictions became final; 2) it is Ortiz' fourth motion; and 3) the current grounds for relief were not previously asserted. In order to overcome these bars to relief, Ortiz must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[14] He may do so by pleading with particularity that new evidence exists that creates a strong inference that the he is actually innocent,[15] or by pleading with particularity a claim that a new retroactive rule of constitutional law applies to his case and renders his conviction invalid.[16] Ortiz has not made that effort. Therefore this untimely, successive, procedurally defaulted motion must be **SUMMARILY DISMISSED**.

**THEREFORE**, since it plainly appears from Motion for Postconviction Relief and the record in this case that Ortiz is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services

---

[14] Super Ct. Crim. R. 61(i)(5).
[15] Super. Ct. Crim. R. 61(d)(2)(i).
[16] Super. Ct. Crim. R. 61(d)(2)(ii).

4